IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Katina Embrey, ) | |
| ) | |
| *Plaintiff,* ) | |
| -*vs*- ) | No. 09 CV 3470 |
| ) | |
| Thomas J. Dart, Sheriff of Cook ) | *(Judge Gettleman)* |
| County, and Cook County, Illinois ) | |
| ) | |
| *Defendants.* ) | |

## AMENDED COMPLAINT

Plaintiff files this amended complaint and, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiff Danielle Embrey is a female resident of the Northern District of Illinois.

3. Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County, Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

4. At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to

shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

5. Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a. Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b. A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c. A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

6. Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be

posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

7. Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

    a. Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

    b. Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

8. The above described shackling policy is based on defendant Dart's belief that "many women" have escaped from custody during childbirth.

9. Defendant Dart has been personally involved in maintaining his shackling policy and has made the public pronouncement that "Anytime a detainee is taken outside the jail for medical treatment, he or she becomes an immediate escape risk."

10. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

11. Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about October 18, 2007. Plaintiff was 4 months pregnant when she was admitted to the jail.

12. Plaintiff remained in the custody of the Sheriff of Cook County until on or about April 15, 2008.

13. Several months before plaintiff's expected delivery date, defendant Sheriff assigned plaintiff to his "MOM's program," a residential treatment program for pregnant and postpartum pre-trial detainees that is conducted outside of the Cook County Jail.

14. Plaintiff went into labor on March 28, 2008 and was transported from the residential treatment program to Mount Sinai Hospital. Plaintiff was not handcuffed or otherwise restrained while being transported to the hospital.

15. Following her admission to the hospital, plaintiff was placed into a labor and delivery room.

16. Plaintiff was met at the labor and delivery room by an armed Deputy Sheriff who, as required by defendant Dart's "shackling policy," shackled plaintiff by hand and foot to the hospital bed. The armed Deputy Sheriff remained in the hospital room.

17. After plaintiff had been in labor for several hours, the medical staff at Mt. Sinai Hospital determined that the health of plaintiff and her unborn child required that the baby be delivered through a cesarean section.

18. At the request of the medical staff, the Deputy Sheriff unshackled plaintiff while she was transferred to the operating room.

19. After plaintiff arrived in the operating room, as required by defendant Dart's "shackling policy," the armed Deputy Sheriff re-shackled plaintiff by hand and foot to the surgical bed.

20. Plaintiff was anesthetized before undergoing the cesarean delivery.

21. As plaintiff was being anesthetized, plaintiff and hospital nursing staff and requested the armed Deputy Sheriff to remove the shackles he had affixed to plaintiff.

22. As required by defendant Dart's "shackling policy," the Deputy Sheriff refused to unshackle plaintiff, even though plaintiff was totally immobilized and undergoing surgery.

23. Plaintiff delivered her child while shackled.

24. Plaintiff remained at the hospital for five days following the cesarean delivery. As required by defendant Dart's "shackling policy," plaintiff was shackled by hand and foot throughout her hospital stay.

25. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

26. Plaintiff hereby demands trial by jury.

Wherefore plaintiff requests that judgment be entered in her favor against defendant Dart in an amount in excess of one hundred thousand dollars as compensatory damages and in an amount in excess of one hundred thousand dollars as punitive damages, and that the costs of this action, including reasonable attorney's fees, be taxed against defendant Cook County.

Thomas G. Morrissey, Ltd.
ARDC 3125372
10249 S. Western Ave.
Chicago, IL. 60643
(773) 233-7900

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 0830399
200 S. Michigan, Ste 1240
Chicago, IL. 60604-2430
(312) 427-3200

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Patrick Smith, ASA, 500 Daley Center, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)